IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,707-01






EX PARTE MARTIN SALINAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A06-351 IN THE 216TH DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to sixty years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Salinas v. State, No. 04-07-00492-CR (Tex. App.-San Antonio Sep. 10, 2008 pet. ref'd.) (not
designated for publication). 

 Applicant contends that his trial counsel rendered ineffective assistance because, inter alia,
she prevented him from testifying in his defense and did not adequately investigate the case.
Applicant suggests that better investigation would have led to presentation of evidence that would
have supported his theory that the complainant's injuries were the result of Applicant's self-defense
or defense of a third person, rather than a failed assassination attempted on behalf of the Mexican
Mafia. Additionally, Applicant contends that appellate counsel rendered ineffective assistance
because, inter alia, he did not raise the trial court's refusal to charge the jury on self-defense and the
defense of third persons. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial and appellate lawyers to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's
attorneys was deficient and, if so, whether the deficient performance prejudiced Applicant. The trial
court shall make specific findings of fact as to whether trial counsel advised Applicant of his right
to testify on his own behalf, and if so, whether she prevented him from exercising that right. If the
trial court finds Applicant's right to testify in his defense was violated, the trial court shall determine
whether this violation prejudiced the defense under Strickland v. Washington, 466 U.S. 608 (1984).
The trial court shall make specific findings of fact as to whether trial counsel failed to discover and
present evidence supporting Applicant's theory of the case. The trial court shall also make specific
findings of fact as to whether trial counsel preserved complaints concerning the court's failure to
include self defense and/or defense of third persons instructions in the jury charge. If such claim was
preserved, the trial court shall determine whether appellate counsel's failure to raise the issue was
ineffective assistance of counsel. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 28, 2010

Do not publish